Gorman, J.
In the superior court of Cincinnati the defendants in error, E. Bruce Rohn and Charles S. Geisinger, who were partners in Allentown, Pennsylvania, brought an action against August Herrmann, Louis Werk and Charles E. Bultman, *304 to recover money on four causes of action set out in their petition. The first three causes of action were upon checks issued by C. E. Bultman as trustee, and the fourth cause of action was for moneys advanced to Charles E. Bultman, trustee, to protect said Bultman’s account as a broker. The total amount claimed was $13,703.43.
Upon the trial of the cause below to a jury a verdict was returned in favor of plaintiffs, and against all the defendants, in the sum of $10,425.32.
Thereupon August Herrmann prosecuted error to this court and has filed his petition in error herein, and the defendant Louis Werk has filed a cross-petition in error, each seeking to reverse and set aside the verdict and judgment entered thereon in the superior court. The defendant Charles E. Bultman has not prosecuted error to the judgment.
The claim of plaintiffs was that these three defendants, August Herrmann, Louis Werk and C. E. Bultman, were partners doing business as brokers under the name of C. E. Bultman. A great mass of evidence was heard in the court below, and the cause having been fully considered by the court a motion to set aside the verdict was overruled and judgment entered thereon against all of the defendants.
It is claimed by plaintiff in error Herrmann, first, that there is not sufficient evidence in the record to show that he was a partner of Bultman; second, that the verdict is against the weight of the evidence; and, third, that there was error in the admission of evidence and in the charge of the court and the failure to give certain special charges.
*305 An examination of the record satisfies us that there was sufficient evidence to submit this case to the jury so far as Herrmann is concerned. As to the defendant in error Louis Werk, we think that it is established by a preponderance of the evidence that Werk was a partner of Bultman.
It . appeared upon the trial that Louis Werk had entered into a written agreement with Charles E. Bultman on or about the 10th day of June, 1914, and we think the evidence warranted the jury in finding that Herrmann had entered into a similar contract at the same time with Bultman, although the evidence fails to show that Herrmann’s contract was in writing. The contract with Werk in substance provided that Werk was to loan $10,000 to Bultman. There was no time stipulated when this money was to be repaid or returned; no evidence of indebtedness taken; no interest to be paid upon the loan; nor was there any promise whatsoever to repay the money. In the agreement the parties stipulated that they were not to be partners. It was further agreed that Werk was not to be liable for any of the debts of the business, but that the business should be conducted by Bultman and that he should have absolute control of the management thereof and be liable for all the debts. It was further stipulated that Bultman was not to transfer his business to anyone without first obtaining the consent of Werk; and that Werk should have the first privilege of purchasing the business. It was further stipulated that Werk was to receive fifteen per cent, out of the profits of the business. After the business was opened up both Werk and Herr *306 mann took an active part in securing credit for Bultman, and in advising persons who had dealings with Bultman that they were financially interested. Bultman at their request employed a friend of Herrmann and Werk, who remained in the office of Bultman and was paid by Bultman, but who, as Bultman expressed it, was the most expensive piece of bric-a-brac he ever had about the office. This man made reports to Herrmann and to Werk as to the manner in which the business was conducted by Bultman. While the evidence does not disclose that Herrmann ever signed any written agreement such as did Werk, it is in evidence that Herrmann agreed orally to sign a similar agreement. Both Herrmann and Werk advanced the amount of money which each agreed to advance, and it cannot be doubted, we think, that the evidence adduced was sufficient to warrant the jury in returning a verdict against both Herrmann and Werk, as well as against Bultman.
However this may be, we cannot say that the verdict is so manifestly against the weight of the evidence as to require us to set aside the judgment and return the cause to the superior court for a new trial. The trial court heard the evidence, saw the witnesses face to face, and observed their demeanor and their conduct. The jury also had the same opportunity as the trial court. They returned this verdict, and the trial court refused to set it aside upon the ground that it was manifestly against the weight of the evidence or upon the ground that there was insufficient evidence. A reviewing eourt under such circumstances should hesitate to set *307 aside a verdict and judgment on the ground that the same is against the weight of the evidence.
Notwithstanding the fact that both Herrmann and Werk testified that they did not intend to be partners, and notwithstanding the fact that in Werk’s agreement and in the agreement which Herrmann was to sign, if he did not sign, was the stipulation that they were not to be partners, the question as to the partnership was not to be determined by their declarations.
It was held in Wood & Oliver v. Vallette et al., 7 Ohio St., 172, that notwithstanding the fact that the parties stipulated they were not to be partners, the question as to the partnership was to be determined by the acts and conduct and the agreements of the parties.
The case of Wood v. Vallette, supra, was under consideration in the later case of Harvey v. Childs et al., 28 Ohio St., 319, and in that case the court distinguished the case of Wood v. Vallette from the case that was under consideration. The case of Harvey v. Childs was a single transaction and did not involve a series of transactions or a business enterprise. But the case of Wood v. Vallette was approved in Harvey v. Childs.
It was also held in the case of Cox v. Hickman, 99 E. C. L., 47, decided by the house of lords, that a partnership could be implied in law by the acts and conduct of the parties, and the agreements entered into by them, notwithstanding the fact that they had stipulated they were not to be partners.
In the cáse at bar there is no question but that Bultman was authorized to act for Werk and Herrmann. Their agreement was that they were *308 to participate in the profits. The ádvancement of the money which each was to make to Bultman does not bear any of the earmarks of a loan, but has the characteristic indicia of advancements in the business.
As was well said in the case of Beecher v. Bush, 45 Mich., 189, 193:
“It is nevertheless possible for parties to intend no partnership and yet to form one. If they agree upon an arrangement which is a partnership in fact, it is of no importance that they call it something else, or that they even expressly declare that they are not to be partners.”
This statement of the law is in line with the rule laid down in Wood v. Vallette, supra.
It is objected by counsel for Herrmann that a certain agreement entered into between Werk and Herrmann three days before the case was tried in the court below was improperly admitted in evidence. This agreement was in writing, signed by Herrmann and Werk, and in substance it provided that in the litigation that was pending against Herrmann and Werk in the superior court of Cincinnati, if a judgment should be rendered against either or both, or it should be necessary to pay any claims in those actions, Herrmann would pay all sums up to $10,000 with interest, that being the amount which Werk had contributed as a loan to Bultman; and, for all sums above $10,000 and interest, each of the parties, Herrmann and Werk, would be liable and pay in equal proportions, or fifty per cent, thereof. The parties further agreed not to settle or compromise any suits or claims involved in said litigation, without the consent of the *309 other. Each of the parties agreed to furnish his own attorney to defend the actions and the claims, and to pay one-half of the costs and expenses, if any.
We think this paper was admissible in evidence against both Herrmann and Werk, as admissions against interest and as circumstances tending to show that they both felt equally bound, each for one-half of any judgment that might be rendered against either.
Upon a careful consideration of the entire case and the record, we have come to the conclusion that there is no error in the record prejudicial to either plaintiff in error or the cross-petitioner in error, Louis Werk. It appears to us that substantial justice was done by the court and jury in the trial below, and the judgment is therefore affirmed.

Judgment affirmed.

Jones, P. J., and Hamilton, J., concur.